**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4531-17T2

KEVIN LONERGAN,

    Plaintiff-Appellant,

v.

TOWNSHIP OF SCOTCH PLAINS,

    Defendant-Respondent.

_____

Submitted May 15, 2019 – Decided May 29, 2019

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-3700-16.

Mandelbaum Salsburg PC, attorneys for appellant (Steven I. Adler, on the briefs).

Rainone Coughlin Minchello, LLC, attorneys for respondent (Amanda E. Miller, of counsel and on the brief; Conor J. Hennessey, on the brief).

PER CURIAM

Plaintiff Kevin Lonergan appeals from an April 25, 2018 order denying his request for reimbursement from defendant Township of Scotch Plains (Township) for health insurance premiums. We affirm.

In 2007, after eleven years of service, plaintiff retired from the Township's police department due to a disability. When plaintiff retired, he asked if the Township would pay his retiree health insurance premiums in accordance with the collective bargaining agreement (CBA). The Township advised it would not.

According to plaintiff, a Township administrator explained he could opt into the State Health Benefits Plan, but he would have to sign a form, stating he was ineligible for employer-paid health insurance, in order to enroll in that plan. Plaintiff signed the form on May 23, 2007, and enrolled in the State Health Benefits Plan.

Plaintiff remained enrolled in the State Health Benefits Plan from 2007 to 2017. In 2017, the cost for his health insurance increased and he opted out of the State Health Benefits Plan, purchasing a less expensive health insurance plan through the private-sector.

On November 16, 2016, plaintiff filed suit against the Township, seeking reimbursement for the health insurance premiums he paid under the State Health

Benefits Plan. Relying on Brick Township PBA Local 230 v. Township of Brick, 446 N.J. Super. 61 (App. Div. 2016), plaintiff argued "a police officer who retired due to a disability was eligible for health insurance paid for by [the municipality]." Plaintiff asserted that the Township breached the CBA by not paying for his health insurance upon retirement.

Article XVIII of the CBA in effect on the date of plaintiff's retirement explained the payment of medical and health insurance benefits for retiring police employees as follows:

> Effective for each Employee retiring after January 1, 1987, pursuant to New Jersey Police and Firemen's Pension System statutes, medical insurance will be provided for these retired members subject to the following condition:
>
> (A) If the retiree is covered by any other medical insurance from any source, then the [T]ownship shall not have any obligation during such period of this coverage.
>
> . . . .
>
> (F) Said entitlements to retired members shall be paid not later than the end of December . . . .

The Township contended health insurance coverage was available only for retirees who accrued twenty-five years or more of service and excluded

A-4531-17T2

disability retirees.  The Township took this position based on N.J.S.A. 40A:10-23(a), which provides:

> The employer may, in its discretion, assume the entire cost or a portion of the cost of such coverage and pay all or a portion of the premiums for employees a. who have retired on a disability pension, or b. who have retired after 25 years or more of service credit in a State or locally administered retirement system and a period of service of up to 25 years with the employer at the time of retirement, such period of service to be determined by the employer and set forth in an ordinance or resolution as appropriate . . . .

In denying plaintiff's cross-motion for summary judgment and granting the Township's motion for summary judgment, the judge found plaintiff's claim was barred by the six-year statute of limitations applicable to contract claims and that plaintiff's cause of action accrued when he retired in 2007.  He also rejected plaintiff's argument that the CBA constituted an "installment contract," serving to commence the statute of limitations anew when the Township failed to pay his annual health insurance cost.  In addition, the judge rejected plaintiff's argument that Brick compelled the payment of health insurance benefits for disabled retirees.

On appeal, plaintiff contends the judge erred in concluding his claim was barred by the statute of limitations.  In addition, plaintiff asserts the statute of limitations was equitably tolled based on the discovery rule and the Township's

4

continuing breach of the CBA each year the Township failed to pay his annual health insurance benefit.

We review a trial court's summary judgment disposition de novo based upon an independent review of the motion record, and applying the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). A court should grant summary judgment if the record establishes there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46–2(c). We "review the facts in the light most favorable to" the non-moving party. DiProspero v. Penn, 183 N.J. 477, 482 (2005) (citing R. 4:46-2(c)).

We first consider whether plaintiff's claims are barred by the six-year statute of limitations under N.J.S.A. 2A:14-1. Plaintiff contends the CBA was a continuing contract and a new cause of action arose each year the Township failed to pay his health insurance costs. He also argues that the statute of limitations should be equitably tolled under the discovery rule and doctrine of estoppel.

N.J.S.A. 40A:10-23(a) provides an employer, in its discretion, may assume the cost of health insurance payments subject to certain pre-conditions, including twenty-five years or more of service in the State or local retirement

5

system. Plaintiff contends the CBA allegedly required the Township's payment of a retiree's health insurance. Because plaintiff's cause of action is based on a contract, the CBA, it is subject to a six-year statute of limitations.[1]

In accordance with N.J.S.A. 2A:14-1, any action for "recovery upon a contractual claim or liability, express or implied," must be commenced within six years. The applicable period of limitations runs when a plaintiff "knows or should know the facts underlying" the elements of a cause of action, rather than "when a plaintiff learns the legal effect of those facts." Grunwald v. Bronkesh, 131 N.J. 483, 493 (1993) (citing Burd v. N.J. Tel. Co., 76 N.J. 284, 291–92 (1978)).

Although petitioner failed to argue to the motion judge that the statute of limitations should have been tolled under the discovery rule and the doctrine of equitable estoppel, we elect to address the issue. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

---

[1] We reject plaintiff's argument that the CBA is an installment contract and each year that the Township failed to pay his health insurance costs constituted a continuing breach for calculating accrual of his cause of action. Plaintiff cited no case law equating a CBA with an installment contract. Moreover, plaintiff executed a form in 2007, stating he was ineligible for employer-paid health benefits. Thus, there was no continuing obligation on the part of the Township to pay plaintiff's health insurance costs after 2007.

A-4531-17T2

We reject petitioner's discovery rule argument because the Township advised it would not pay his health insurance in 2007. Petitioner testified at his deposition that the Township incorrectly interpreted the CBA in 2007 when it declined to pay his health insurance. Petitioner thus had the essential facts and knowledge to bring a claim against the Township within the period of limitations but did not do so because he thought it "would be a waste of breath." See Grunwald, 131 N.J. at 193 (applying the discovery rule to "those who do not become aware of their injury until the statute of limitations has expired, and those who are aware of their injury but do not know that it may be attributable to the fault of another."). Under these circumstances, petitioner cannot rely on the discovery rule to toll statute of limitations.

We similarly reject petitioner's argument that the statute of limitation was tolled based on the doctrine of equitable estoppel. Estoppel may be invoked to toll the statute of limitations where the defendant misled the plaintiff with respect to the cause of action, which induced the plaintiff to refrain from filing a timely claim. See Knorr v. Smeal, 178 N.J. 169, 178 (2003). Here, petitioner testified that as of 2007 he believed the Township incorrectly interpreted the CBA. Petitioner cites no conduct on the part of the Township that caused him

7

to refrain from filing his action within six years other than his own belief that such an action would have been a waste of time.

Plaintiff also claims his cause of action did not accrue until 2016 when he learned of Brick. However, plaintiff's reliance on that case is misplaced because the payment of health insurance costs in Brick involved a different statute than the one at issue here. Moreover, the statute challenged in Brick was enacted four years after plaintiff's retirement and the Brick case was decided nine years after plaintiff's retirement.

Having reviewed the record, plaintiff's claim accrued upon his retirement from the police department in 2007. He did not file an action seeking reimbursement for health insurance costs until November 16, 2016, nearly nine years after his retirement. Because we agree that plaintiff's contract claims against the Township are barred by the six-year statute of limitations, we do not address plaintiff's remaining arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4531-17T2